IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Corey Offineer,               :

    Plaintiff,           :

  v.                          :       Case No. 2:09-cv-0493

Detective Roger Kelly, et al., :      JUDGE MARBLEY

    Defendants.          :

## OPINION AND ORDER

This case is before the Court on the motion to stay discovery filed by defendants Detective Roger Kelly and Muskingum County Sheriff Matt Lutz. Those defendants argue that discovery should be stayed because they have filed a summary judgment motion based on the defense of qualified immunity. The motion to stay has been fully briefed. For the following reasons, the motion will be denied in substantial part, and limited discovery on certain issues raised in the summary judgment motion will be permitted notwithstanding the defendants' assertion of qualified immunity.

### I. Background

This §1983 action arises out of the events surrounding the prosecution of plaintiff Corey Offineer for rape of a minor. Defendant Roger Kelly, a Muskingum County law enforcement officer, signed the initial complaint charging Mr. Offineer with that crime, and later testified about it before the grand jury. Mr. Offineer asserts that Detective Kelly and his supervisor, Muskingum County Sheriff Matt Lutz, violated his rights under the Fourth, Fifth, and Fourteenth Amendments. He also alleges a claim for municipal liability against Muskingum County and has pleaded a state law claim for malicious prosecution. At the center of Mr. Offineer's claims is his allegation that Detective

Kelly "knowingly took statements from a fully delusional, mentally ill man" and that he withheld material evidence from the county prosecutor in order to get permission to charge Mr. Offineer with this crime. The complaint contains additional allegations, but they are not particularly relevant to the discovery issue currently before the Court.

In his Fourth Amendment claim, Mr. Offineer alleges that Detective Kelly initiated a criminal charge without probable cause resulting in Mr. Offineer's wrongful prosecution and incarceration. In support of his Fifth Amendment claim, Mr. Offineer asserts that Detective Kelly unlawfully compelled him to provide incriminating statements and then used those statements against him in various stages of his criminal case including in filing a sworn complaint, in the investigation report, in the grand jury proceedings, and in relation to Mr. Offineer's bail. Mr. Offineer asserts also that Detective Kelly failed to inform the grand jury of exculpatory evidence. According to Mr. Offineer, the actions which constitute violations of the Fourth and Fifth Amendments also constitute a violation of his Fourteenth Amendment rights and support a claim for malicious prosecution under Ohio law. Further, Mr. Offineer contends that Detective Kelly's actions were the result of the policies and customs of the Muskingum County Sheriff's Department.

## II. The Motion to Stay

Defendants Detective Kelly and Sheriff Lutz have filed a motion for summary judgment which raises the issue of whether they enjoy qualified immunity from suit. The motion advances several other arguments as well. In conjunction with this motion, the moving defendants requested a stay of discovery. That motion is based on decisions from the Sixth Circuit Court of Appeals which recognize that the defense of qualified immunity, when properly raised, is a threshold question to be considered by

the court prior to discovery.  See, e.g., Skousen v. Brighton High School, 305 F.3d 520, 522 (6th Cir. 2002).

In opposing that motion, Mr. Offineer argues, first, that the motion for summary judgment does not really rely on the qualified immunity defense because defendants do not claim that any area of the law applicable to this case was not clearly established at the time of their actions.  Alternatively, he asserts that defendants have presented a fact-based qualified immunity argument supported by affidavits containing only the defendants' version of the material facts.  In that situation, the Court may allow discovery if the opposing party needs that discovery in order to determine if those facts can reasonably be disputed.  However, Mr. Offineer does not oppose a limited stay of discovery so long as he is permitted to conduct the discovery necessary to enable him to respond properly to the defendants' motion.  He has identified five depositions he needs to take in order to do that, as well as written discovery directed to two issues - (1) the policies of the Muskingum County Sheriff's Department relevant to this case and (2) Defendant Kelly's training with regard to the issues in this case.  Mr. Offineer has submitted a Rule 56(f) affidavit of counsel which states that the following information is necessary for his response to the summary judgment motion.

> (1) Defendant Kelly's responses to Interrogatory Nos. 3, 5, and 18 and Request for Production of Documents Nos. 3, 4, and 7 relating to training and departmental policies.
>
> (2) Sheriff Lutz's responses to Interrogatory Nos. 3 and 4 and Request for Production of Documents Nos. 3, 4, 5, and 9 related to training and departmental policies.
>
> (3) The deposition of Mr. Haddox concerning his communications with Detective Kelly and "what facts were or were not discussed."

3

> (4) The deposition of Detective Gearhart for purposes of cross-examination regarding conversations with alleged witnesses and the contents of his reports "as well as other topics related to the qualified immunity defense."
>
> (5) The depositions of Dr. Michelle Dayton and nurses Pamela Hivnor and Rachael Butler for purposes of "inquir[ing] more specifically about what was said or not said to detectives and the accuracy of the purported summaries of their knowledge which are contained in police reports."

The key issue about which (at least according to Mr. Offineer) the facts are in dispute relates primarily to his Fourth Amendment claim. In moving for summary judgment, defendants assert that this claim fails because Detective Kelly disclosed every pertinent fact he knew about the case to the county prosecutor, Mr. Haddox, and that Mr. Haddox then authorized him to file the complaint. Were this true, according to the defendants, Detective Kelly could not have committed a constitutional violation because he reasonably relied on the prosecutor's advice concerning the existence of probable cause. Defendants have attached affidavits to their motion from both Detective Kelly and Prosecutor Haddox as the factual support for this argument.

Mr. Offineer, however, does not believe that Detective Kelly provided the prosecutor with a "full and fair" disclosure of all the material facts discovered through his investigation. In support of this position, Mr. Offineer argues that the very short amount of time which elapsed between his custodial interview with Detective Kelly and the filing of the criminal complaint suggests that Detective Kelly did not have time to make a full and fair disclosure to the prosecutor. Further, Mr. Offineer claims that the affidavits of Detective Kelly and the prosecutor submitted by defendants in support of their summary judgment are incomplete

4

because they do not specifically indicate that Detective Kelly provided the prosecutor with all the information he had regarding Mr. Offineer's mental illness or delusional state. Additionally, according to Mr. Offineer, because it was Detective Kelly who signed and filed the complaint and not the prosecutor, the statement in the affidavits that the prosecutor "made the determination to file the charge" is unclear and requires discovery.

In reply, defendants appear to acknowledge that if they wish to avoid discovery until their motion is decided, they must concede Mr. Offineer's version of the facts for purposes of that motion. They assert that they have adequately done so. As they put it in their reply, "[d]efendant's position is that - even under the facts as alleged by Plaintiff - Detective Kelly's conduct did not violate Plaintiff's constitutional rights." See Reply (#52) at p. 2. Nevertheless, they continue to challenge Mr. Offineer's position that a factual issue exists as to whether Detective Kelly made a full and fair disclosure of all the material facts obtained through his investigation. They also dispute that this purported factual dispute is the basis for the requested discovery, noting, for example, that Mr. Offineer has not requested to depose Detective Kelly. They argue that if the extent of the discussions between the prosecutor and Detective Kelly were really an issue, Mr. Offineer would be seeking to depose Detective Kelly as well as Mr. Haddox. Further, they argue that Mr. Offineer has already received extensive discovery relevant to the prosecutor's knowledge, including Mr. Haddox's file, and that he ought to be able to respond effectively to the motion without any further discovery. They make much the same argument with respect to the other four proposed depositions.

With respect to Mr. Offineer's written discovery requests, defendants assert that these requests are simply an attempt to

5

obtain discovery related to his Monell claim. However, defendants argue, if they are entitled to qualified immunity, Mr. Offineer cannot succeed on this claim. As a result, they contend, such discovery is premature. Moreover, defendants argue that Detective Kelly's training is not relevant to the Court's qualified immunity analysis because they have not argued as the basis for the defense that Detective Kelly had a "reasonable belief" in the constitutionality of his actions based upon his training or the policies of the Sheriff's Department.

### III. Legal Standard

There is no question that "[t]he entitlement to qualified immunity involves immunity from suit rather than a mere defense to liability." Skousen v. Brighton High School, 305 F.3d 520, 526 (6th Cir. 2002). Further, "until this threshold immunity question is resolved, discovery should not be allowed." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). However, the Supreme Court has also recognized that "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." Crawford-El v. Britton, 523 U.S. 574, 598 n. 14 (1998). A district court is "required to determine - prior to permitting ... discovery - whether [a] complaint allege[s] the violation of a constitutional right at all, and if so, whether that right was clearly established at the time of the alleged violation." Skousen, at 527. When qualified immunity is raised by way of a motion for summary judgment, a court should consider the question of whether any facts material to the plaintiff's claims are genuinely at issue. Id. Such an inquiry requires the court "to review the motion and its supporting documents as well as the plaintiff's opposition and its supporting documents." Id. If, after conducting this analysis, the Court does find that material facts are in dispute, the Court may permit discovery prior to a ruling

on the summary judgment motion.  Id.  It is with these standards in mind that the motion to stay will be considered.

## IV. Analysis

Because the Court's inquiry must include a review of the motion for summary judgment, the Court will turn first to that motion.  The focus of defendants' qualified immunity argument on the Fourth Amendment claim is that before he filed the complaint charging Mr. Offineer with rape, Detective Kelly provided Prosecutor Haddox with a full and fair disclosure of all the material facts gathered in his investigation.  Defendants recognize that, under existing case law, Detective Kelly may have had a "constitutionally-significant obligation" to turn over all investigation materials to Prosecutor Haddox.  However, they assert that he did just that.

The analysis of the defense of qualified immunity involves two distinct inquiries: did the defendant violate the plaintiff's constitutional rights, and, if so, was the law concerning that violation clearly established at the time the defendant acted? See Saucier v. Katz, 533 U.S. 194 (2001).  Here, as to the Fourth Amendment claim, the defendants argue only that this claim fails at the first step of the qualified immunity analysis - *i.e.* that Detective Kelly is entitled to qualified immunity because, under his version of the facts, he did not violate Mr. Offineer's Fourth Amendment rights.  They make no argument that even if a constitutional violation occurred (or if there are material factual disputed with respect to that question), the law concerning the obligation to turn over all relevant facts to the prosecutor was not clearly established in June, 2006.

This is a quintessential example of a fact-based summary judgment motion.  Clearly, Mr. Offineer disputes the factual assertion that Detective Kelly made a full and fair disclosure of all material facts to Prosecutor Haddox.  That factual assertion

7

is premised upon affidavits submitted by witnesses who have not been deposed. The motion simply does not present the kind of "threshold question" of "whether the law was clearly established at the time the allegedly unlawful action occurred" which must be determined prior to discovery, see Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992). Where, as here, there is a factual dispute about the nature of the actions themselves, the motion does not present a purely legal issue but a fact-based one. Thus, as long as there is a reasonable probability that discovery is needed in order to allow Mr. Offineer to controvert the factual basis of the motion, such discovery should be permitted. See also Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987) ("if the actions [defendant] claims he took are different from those the [plaintiffs] allege (and are actions that a reasonable officer could have believed lawful), then discovery may be necessary before [defendant]'s motion for summary judgment on qualified immunity grounds can be resolved. Of course, any such discovery should be tailored specifically to the question of [defendant]'s qualified immunity").

Defendants suggest that Mr. Offineer is not entitled to discovery because he already has sufficient information from which he can determine the extent of Detective Kelly's disclosure to Prosecutor Haddox. However, Mr. Offineer asserts that the information he has obtained to date, including the affidavits attached to the summary judgment motion, simply raises more questions regarding the sufficiency of the disclosure and that he has the right to seek answers to those questions prior to responding. As a result, he seeks to depose Prosecutor Haddox, Detective Gearhart and the doctor and nurses interviewed in the police reports. Presumably, based on these depositions, Mr. Offineer will have a more complete understanding of both the information conveyed to Detective Kelly and the extent of this

8

information then conveyed by Detective Kelly to Prosecutor Haddox.  Stated another way, Mr. Offineer argues that, while he may have some knowledge of the information Detective Kelly shared with Prosecutor Haddox, he cannot know whether this is all of the information Detective Kelly was required to provide until he deposes the specific sources of Detective Kelly's information and then asks the prosecutor whether he received all of this information.

The Court has considered whether the parties' differences on this issue could be addressed if defendants were formally to concede, for purposes of their qualified immunity argument, that Mr. Offineer's position on the full and fair disclosure issue is correct.  This appears unworkable for several reasons.  First, the entire summary judgment motion is premised precisely on defendants' version of events.  If defendants now concede that the Court is entitled to conclude that, indeed, Detective Kelly withheld material information from Mr. Haddox, there is nothing left of the motion.  Further, even if defendants were to concede that Detective Kelly withheld some amount of information from Mr. Haddox, that would not answer the question of whether the information was material – that is, whether the disclosure of less than everything learned by Detective Kelly in the course of his investigation was still "full and fair" because any omitted information was inconsequential.  That question can be answered only by finding out both whether he withheld information, and what that information was.  Either way, there does not appear to be any concession short of withdrawing the motion that would eliminate the need for Mr. Offineer to do discovery.

The Court is mindful that an affidavit supporting a request for discovery under these circumstances must not contain merely "[b]are allegations or vague assertions of the need for discovery ...."  Summers v. Leis, 368 F.3d 881, 887 (6th Cir. 2004).

However, the Court believes that the affidavit submitted here is sufficiently specific. Consequently, the Court finds that Mr. Offineer is indeed entitled to do limited discovery directed specifically to the issue of the nature and extent of Detective Kelly's disclosure to Prosecutor Haddox. The Court agrees that the proposed brief depositions of Prosecutor Haddox, Detective Gearhart, Dr. Dayton, and nurses Pamela Hivnor and Rachael Butler fall within the permissible scope of this discovery, and Mr. Offineer will be permitted to take these depositions prior to making his response to the summary judgment motion. This discovery will also permit him to respond to Detective Kelly's assertion of immunity under state law, because the entire premise of that argument also appears to be the statement that "Detective Kelly gave a full and fair disclosure of facts to Prosecutor Haddox ...." Motion for Summary Judgment, Doc. #32, at 23.

Mr. Offineer also seeks written discovery relating to training and departmental policies. It is not quite clear what the issue is here. Of course, because a municipal entity may not assert qualified immunity, the general principles behind staying discovery until a motion based on qualified immunity can be decided do not apply to discovery about factors that go solely to municipal liability. See Rome v. Romero, 225 F.R.D. 640, 643 (D. Colo. 2004). Further, although most of the defendants' argument in their summary judgment motion about municipal liability is based on their assertion that Detective Kelly did not commit a constitutional violation, their supporting memorandum also argues that "there is no custom or policy" of Muskingum County that is pertinent here. Doc. #32, at 26. Again, that would appear to be a factual assertion that Mr. Offineer is entitled to test through discovery. For both reasons, the Court can discern no basis for staying the defendants' obligation to respond to the written discovery directed to this issue.

## V. Disposition

For the foregoing reasons, the defendants' motion to stay discovery (#33) is denied, and plaintiff is permitted to conduct the discovery described in this Opinion and Order. The parties shall work cooperatively to schedule that discovery and shall, within twenty-one days, submit a proposed order that sets forth a completion date for the discovery and a date by which Mr. Offineer's response to the summary judgment motion must be filed.

## VI. Appeal Procedure

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge