IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Corey Offineer,                  :

    Plaintiff,            :

  v.                             :        Case No. 2:09-cv-0493

Detective Roger Kelly, et al.,   :        JUDGE MARBLEY

    Defendants.           :

ORDER

On May 10, 2010, plaintiff Corey Offineer filed a motion for sanctions under Rule 37 of the Federal Rules of Civil Procedure. A supplement to the motion was filed nine days later.  That same day, the Court held a discovery conference.  The defendants responded to the motion for sanctions on June 9, 2010, and Mr. Offineer replied on June 17, 2010.  For the following reasons, the Court will deny the motion.

As should be apparent from the rule under which the motion for sanctions was filed, the request for sanctions arises from disputes about discovery.  More than a few of these developed in connection with the summary judgment motions which both parties filed, and which were recently ruled upon by Judge Marbley. His Opinion and Order sets out the basic facts of this case, and they will not be repeated here.  However, the Court will recite some of the facts that are important to the motion for sanctions.

I.

The original motion for sanctions asked the Court to strike or limit the qualified immunity defense raised by some of the defendants.  The basis of that request was defendants' failure to provide discovery on the issue as ordered by the Court.  That failure, in turn, threatened the timely completion of discovery on the qualified immunity issue as well as Mr. Offineer's ability

timely to file his memorandum in opposition to the defendants' motion for summary judgment on that issue.

As presented, the motion is essentially moot. Regardless of the reasons for the delay in providing this discovery (and the Court does not believe that defendants' counsel acted in bad faith at any time even though there were significant delays), the Court subsequently adjusted the discovery and briefing schedule, and Mr. Offineer was able to do all of the discovery he needed to oppose the motion and to file his brief. The Court's Opinion and Order ruled in Mr. Offineer's favor on the qualified immunity defense which was raised in opposition to his Fourth Amendment claim. Thus, he has suffered no prejudice from defendants' delay in providing discovery which would justify sanctions in the form of striking or limiting the qualified immunity defense which was raised in the motion for summary judgment, and which formed the basis of the discovery requests at issue in the first instance.

The supplemental memorandum does not ask for a different kind of sanction, such as a monetary sanction, but focuses on three specific items of discovery - policy manuals, training materials, and reference books - which, although they were provided, were, in Mr. Offineer's view, either incomplete or provided in an untimely manner. After that memorandum was filed, the Court had a number of conferences with counsel about these issues, and they were ultimately all resolved in a way which, again, provided Mr. Offineer with the materials prior to the time that his brief on qualified immunity was due. Consequently, whatever prejudice he might have suffered from the way in which, or the time by which, these materials were produced was, for the most part, subsequently cured, and any residual prejudice is not severe enough to justify the type of sanctions which were requested.

The responsive and reply memoranda continue to address

issues relating to the policy and procedure manuals, the training materials, and the reference books.  These briefs were filed as the parties and the Court were working through the discovery process relating to these materials, and subsequent developments undercut much of the force of Mr. Offineer's arguments.  Thus, after reviewing all of the memoranda filed on the issue of sanctions, and taking into account all of the subsequent developments, the Court cannot conclude that the specific sanctions which were asked for are appropriate here.  Cf. Ali v. Sims, 788 F.2d 954 (3d Cir. 1986) (prejudice to moving party is one of the factors to be taken into account in deciding whether to impose preclusive sanctions).

## II.

A final note is in order, however.  As the record reflects, the discovery process which occurred in connection with the motions for summary judgment, which did not address all issues in the case, was long and arduous.  The case is now over one year old and full merits discovery has not yet begun.  From the multiple motions and multiple contacts the Court had with the parties about discovery, it is apparent that the motion for sanctions, while ultimately not granted, was an important part of moving the discovery process along.  The Court is persuaded that plaintiff's counsel, who are experienced trial lawyers, did not file it lightly.  Hopefully, the difficult discovery issues in this case have been resolved for the most part during this first phase of discovery, and the remainder of the discovery will proceed as intended by the Rules of Civil Procedure – that is, without the need for frequent intervention by the Court.

## III.

For the foregoing reasons, plaintiff's motion for sanctions (#80) is denied.

Any party may, within fourteen (14) days after this Order is

3

filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection.  Fed. R. Civ. P. 7(b). Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  Eastern Division Order No. 91-3, pt. I., F., 5.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A).

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

                                                /s/ Terence P. Kemp
                                                United States Magistrate Judge